Filed 01/26/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT  05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01947

| Green Mountain Credit Union v. Melisa Mahony |
|---|

## ENTRY REGARDING MOTION

Title:         Motion to Intervene (Motion: 2)
Filer:         Mario Bernard Hankerson
Filed Date:    November 30, 2025

Plaintiff Green Mountain Credit Union ("GMCU") brought this case against Defendant Melisa Mahony after she appraised a Barre home in connection with a loan it made. Homeowners-borrowers Justin and Heather Blake move to intervene.  Mahony opposes.  GMCU takes no position.  For the reasons that follow, the court DENIES the Blakes' Motion (Mot. 2).

### I.  Background

GMCU financed the Blakes' original home purchase with a $90,000 mortgage.  In 2021, the Blakes sought additional financing.  GMCU contracted with Mahony to appraise the home. In reliance on her May 2021 appraisal, GMCU left its $90,000 mortgage outstanding and, through an allonge, added a home equity loan.  The Blakes' total indebtedness to GMCU amounted to $108,900, all secured by their Barre home and property.

According to GMCU and the Blakes, Mahony's appraisal failed to identify a culvert underlying the property.  That culvert failed during the July 2023 rains, causing substantial damage to the Blakes' home.  GMCU and the Blakes seek damages from Mahony.

### II.  Discussion

Rule 24 provides for intervention "[u]pon timely application" either (a) as of right or (b) permissively.  The Blakes move on both grounds.

#### A.  Timeliness

In deciding what makes for a "timely application," "[t]he court in such cases must consider the totality of the circumstances." *Ernst v. Rocky Rd., Inc.*, 141 Vt. 637, 640 (1982). "Factors that inform the timeliness determination include: how long the motion to intervene was delayed, whether the existing parties were prejudiced by that delay, whether the movant will be prejudiced if the motion is denied, and unusual circumstances militating either for or against a finding of timeliness." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001).

The Blakes filed their Motion approximately seven months after GMCU filed its complaint and approximately four months after the court approved the ADR schedule agreed by GMCU and Mahony. The Blakes do not address why their Motion came five months after they commenced related litigation against the City of Barre, according to Mahony.[1] A motion to intervene in that timeframe would have come just two months after GMCU's complaint and before the court-approved ADR schedule, allowing the Blakes to participate in the parties' stipulation about the proposed ADR schedule.

The court-approved ADR schedule contains a May 1, 2026 trial-ready date. The Blakes promise to maintain that date, but that outcome seems unlikely. Their proposed complaint would quadruple the claims and pages of GMCU's and vastly exceed in scope the small and narrow question(s) of law and fact the two complaints otherwise have in common. Adding the Blakes to this case would invariably delay this proceeding and prejudice both GMCU and Mahony. The discussion below outlines how the Blakes suffer no prejudice by the court's denying their motion to intervene in this case.

On balance, the court concludes the Blakes' Motion does not amount to a "timely application" under Rule 24.

## B. Intervention as of Right

Rule 24(a) allows intervention as of right, in a case like this, if the Blakes "establish (1) an interest relating to the property or transaction, (2) that the disposition may impair that interest and (3) that [their] interest is inadequately represented by the existing parties." *Helm v. Helm*, 139 Vt. 225, 226 (1981).

### 1. Interest Relating to the Property or Transaction

"Under Rule 24(a)[], the proposed intervenor must have a 'direct, substantial, and legally protectable' interest in the subject matter of the action." *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (citation omitted). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Elec. Co-op., Inc. v. Mass. Muni. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

The "subject matter of the action" in this case consists of allocating liability between GMCU and Mahony and no one else. GMCU's precarious predicament comes, allegedly, from its reliance on Mahony's appraisal. Under its theory, GMCU would have called in or otherwise improved the security of its position on the Blakes' existing mortgage and, quite possibly, have

---

[1] The Blakes advocate timeliness because "the case is in its early stages." (Blakes' Mot. at 3.) This case commenced on May 7, 2025 and has a trial-ready date of May 1, 2026. Right now, the case has passed the halfway point of that timeline. Given the complexities the Blakes' intervention would add as discussed below, the court anticipates that considerably more than "modest adjustments to the existing Scheduling Order may be necessary." (Blakes' Reply at 3.)

declined to extend the home-equity loan altogether had it known that a culvert lay underneath the Blakes' house.[2]  This case will resolve whether Mahony has liability for putting GMCU in that position.

The Blakes have no direct interest in that case.  Their status as property owners, borrowers, or intended beneficiaries of the appraisal does not change that reality.[3]  They for now remain interested observers of a case that will not impact their "direct, substantial and legally protected interest" in fulfilling their repayment obligations to GMCU.  GMCU has not foreclosed against the Blakes, who continue to own, subject to their mortgage, the Barre residence (even if they cannot inhabit it).[4]  That property continues to secure their repayment obligations to GMCU.  Until GMCU (a) forecloses against the Blakes and (b) their property proves insufficient to cover their loan obligations to GMCU, the Blakes' interest in this case "is based upon a double contingency" and "cannot be described as direct or substantial." *Washington Elec. Co-op., Inc.*, 922 F.2d at 97.

Under these circumstances, the court concludes that the Blakes have shown only a contingent and remote interest in this case insufficient to support intervention.

### 2.  Disposition May Impair the Interest

"It generally is agreed that in determining whether disposition of the action will impede or impair the movant's ability to protect its interest the question must be put in practical terms rather than in legal terms." 7C Fed. Prac. & Proc. Civ. § 1908.2 (3d ed.).  "The rule is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest." *Id.*

The Blakes and GMCU share an identical interest in protecting as security $108,900 in value from the residence. *Cf. Ionion Shipping Co., v. British Law Ins. Co., Ltd.*, 426 F.2d 186, 191 (2d Cir. 1970) ("The [mortgagee's and mortgagor's] interest in recovering under the policy will be identical . . . .").  Where GMCU has contractual privity with Mahony and the Blakes do

---

[2] (Compl. ¶¶ 13-21.)

[3] (*See* Blakes' Mot. at 3 (asserting otherwise).)  Even if they "have suffered the most direct and catastrophic damages," (*id.*), they have not explained how they may properly blame Mahony's 2021 appraisal as the proximate cause for their home loss.  In 2021, the Blakes already owned and occupied their home.  They say nothing about what they or others knew or should have known about the culvert otherwise, based on prior property appraisals or inspections, if any.  Answering these questions would inject factual and legal issues not currently in this case.  (*See also* Blakes' Reply at 4-5) (minimizing or overlooking the complexities their intervention would create).

[4] The parties agree that the Blakes have no contractual privity with Mahony, with whom GMCU contracted for the appraisal.  No party has introduced the Blakes' mortgage and allonge.  If they contain traditional terms, the Blakes' "direct, substantial and legally protectable interest" comes from their repayment obligations to GMCU, both under the original mortgage and subsequent home-equity loan.  Even as intended beneficiaries of Mahony's appraisal, the Blakes received the intended benefit -- the home equity loan.  GMCU did not receive the protectible security interest for which it had allegedly contracted, explaining why it has brought this suit.

not, it has a better position than the Blakes to recover against her in this breach-of-contract and negligence case. GMCU's case against Mahony helps rather than impairs any contingent interest the Blakes may have in proceeding against Mahony.

The Blakes may have an interest that GMCU does not in protecting the value of the property above its shared $108,900 interest with GMCU. As a practical matter, where GMCU has no such interest as a matter of law above the value of its security, GMCU would presumably lack standing to impair or improve that non-existent interest. Paraphrasing the Second Circuit in *Ionian Shipping Co., Ltd.*: "If [the Blakes are] not a party to the suit, then the question of [their] superior rights cannot arise, for they are irrelevant to [GMCU's] claim." *Id.* at 190. "And if [the Blakes are] not a party, and the issue does not arise, and thus is not appropriately litigated, it is hornbook law that [the Blakes'] right to assert it in a subsequent suit will not be barred by either collateral estoppel or res judicata." *Id.*

"Because this is not a case of first impression involving the resolution of new legal issues but a conventional contractual dispute, the doctrine of *stare decisis* also will not control future, related actions by [the Blakes]." *Washington Elec. Co-op, Inc.*, 922 F.2d at 98. Nothing in GMCU's current case against Mahony will impair any interest the Blakes may have in proceeding separately against her.[5]

### 3. Inadequate Representation by GMCU

"Although the burden of proof on the party seeking to show lack of adequate representation is minimal, where it is established that the parties have the same ultimate objective in the underlying action, the intervenors must demonstrate, at the very least, that some conflict exists." *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982) (citing *Trbovich v. United States*, 404 U.S. 528, 538 n.10 (1972)).

GMCU will adequately represent the Blakes' limited interest in this case. This case, as currently captioned, involves only the identical interest shared by the Blakes and GMCU in the $108,900 security interest in the property appraised by Mahony. No conflict between their interests exists. If anything, they share a legal duty. *Cf. e.g.*, *Page v. Lyle H. Hall, Inc.*, 125 Vt. 275, 278 (1965) ("There is a general duty on both mortgagees and mortgagors, in connection with possession of the premises, not to do anything to the property impairing its adequacy as security.").

The Blakes worry that GMCU may settle with Mahony for an amount that protects their $108,900 shared interest but jeopardizes the Blakes' greater interest.[6] No party makes clear how GMCU would have either the legal authority or incentive to resolve a third-party customer claim adversely to the customer where GMCU has no right to represent the customer. The court likewise cannot think how that might happen.

---

[5] (*Cf.* Blakes' Mot. at 3 (asserting otherwise); Blakes' Reply at 6 (same).)

[6] (*See* Blakes' Reply at 6.)

Finally, any priority that GMCU may get to Mahony's "errors and omissions coverage" reflects the lawful priority GMCU likely has as a preferred creditor relative to the Blakes under the mortgage.[7]  These considerations do not change that GMCU will adequately represent any interests the Blakes may have in this case.[8]

Based on this analysis, the court concludes that the Blakes have not established a right to intervene in this case under Rule 24(a).

## C. Permissive Intervention

Rule 24(b) allows permissive intervention in the court's discretion, in a case like this, if the Blakes' "claim or defense and the main action have a question of law or fact in common." V.R.Civ. P. 24(b)(2).  "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

"The purpose of the rule allowing intervention is to prevent a multiplicity of suits where common questions of law or fact are involved.  [T]he rule is not intended to allow for the creation of whole new suits by intervenors.  The courts retain discretion to determine when intervention is appropriate." *Washington Elec. Co-op, Inc.*, 922 F.2d at 97 (citations omitted). "Intervention . . . 'cannot be used as a means to inject collateral issues into an existing action.'" *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (citation omitted).

The Blakes' Motion does not support the court's exercising its discretion to permit their intervention this case.  While the Blakes and GMCU do "have a question of law or fact in common," they have many more that are not.  The Blakes' claims include and surpass in breadth and complexity the focused case GMCU has brought against Mahony.  They would add a 28-page 11-count complaint with jury demand to GMCU's 7-page 2-count complaint without jury demand.  In effect, nine of their eleven counts exceed GMCU's two.[9]  The Blakes represent they

---

[7] (*Cf.* Blakes' Mot. at 3 (asserting otherwise); Blakes' Reply at 6 (same).)

[8] Beyond the shared interest of GMCU and the Blakes in protecting the $108,900 in value in the property to secure the loan, the Blakes stress that GMCU "cannot adequately represent the Blakes' personal interests and damages" like their "property damage, loss of their home, emotional distress, loss of consortium, punitive damages, and other damages," (Blakes' Mot. at 3), or their "[t]otal loss of their home and personal property," "[y]ears of alternative housing and storage costs," "[e]motional distress and psychological injuries," "[l]oss of consortium," "[f]ull compensatory damages" and "[p]unitive and statutory damages arising from gross negligence, fraud[] and consumer protection violations."  (Blakes' Reply at 7.)  For the reasons discussed above, this case will litigate none of those interests of the Blakes, leaving them free and unprejudiced to do so on their own.  Similarly, although "[t]he Blakes [may] have unique defenses to any potential crossclaims or counterclaims," (Blakes' Mot. at 3), Mahony has raised none in this case.  She may raise any she may have against the Blakes in a future suit with them without prejudice to the Blakes in this case without them.

[9] The Blakes propose counts for (1) negligent undertaking, (2) professional negligence/malpractice, (3) gross negligence/recklessness, (4) negligent misrepresentation, (5) fraudulent misrepresentation, (6) breach of contract, (7) breach of fiduciary duty, (8) unjust enrichment, (9) violation of Vermont's Consumer Protection Act, 9 V.S.A. § 2451

would maintain the May 1, 2026 trial-ready date in the ADR schedule, a well-intended but unlikely achievement for a trial-ready date nearing three months from now, especially where the parties must complete all depositions except experts in the remaining week or so of this month. Under these circumstances, the court cannot justify exercising its discretion to permit their intervention.

### III. Order

For the reasons above, the court DENIES the Blakes' Motion to Intervene (Mot. 2).

Electronically signed pursuant to V.R.E.F. 9(d) on January 23, 2026.

Colin Owyang
Superior Court Judge

---

*et seq.*, (10) negligent infliction of emotional distress and (11) loss of consortium. GMCU's complaint only contains counts for (1) professional negligence and (2) breach of contract. The Blakes' counts (2) and (6) match GMCU's counts (1) and (2). The Blakes' counts (1), (3), (4), (5), (7) and (8) relate to Mahony's appraisal, but raise questions of law and facts, particularly relating to causation and damages, not present in GMCU's current complaint. The Blakes' counts (10) and (11) depart almost entirely from the facts and legal questions implicated by GMCU's complaint, raising more complicated factual and legal questions related to causation and the measure for noneconomic damages. Many of the Blakes' proposed counts appear to raise questions of proximate cause not obviously a part of GMCU's case as they seek to hold Mahony's appraisal responsible for more than just their home equity loan. *See Estate of Sumner v. Dep't of Soc. & Rehab. Servs.*, 162 Vt. 628, 629 (1994) ("Proximate cause is the law's method of keeping the scope of liability for a defendant's negligence from extending by ever-expanding causal links."). For example, the Blakes' proposed complaint would hold Mahony liable for their pain and suffering and loss of consortium apparently resulting from the understandable stress following losing one's home. As noted elsewhere, nothing in their filings makes obvious how Mahony's 2021 appraisal proximately caused these injuries. While that appraisal possibly failed to identify the culvert underneath the Blakes' home, they already owned and occupied the home by then. There could well exist other parties and causes for the Blakes' dislocation, more proximate than Mahony and her appraisal. For instance, what sort of diligence did the Blakes do when they purchased and moved into the home and what did or should they have known about the culvert previously? Allowing the Blakes to intervene would introduce complexities like these to a case that does not otherwise have them. These inefficiencies dwarf the limited number of common questions and judicial efficiencies asserted by the Blakes. (Blakes' Mot. at 4; Blakes' Reply at 8.) The Blakes implicitly acknowledge as much when they describe how their case against the City of Barre "concerns municipal maintenance and operation of public infrastructure" and "different duties, a different time period, and a different defendant." (Blakes' Reply at 6.) Their description of that case opens a window into the analogous complexities the Blakes would bring to this case if the court let them intervene.